AMENDED MEMORANDUM***
Mingzhu Li appeals the decision by the Board of Immigration Appeals (BIA) denying her applications for asylum and withholding of removal.
We affirm that substantial evidence supports the BIA’s determination that Li did not suffer past persecution. Gu v. Gonzales, 454 F.3d 1014, 1019-22 (9th Cir.2006). However, the BIA incorrectly determined that Li failed to show a nexus between her claims of future persecution and a protected ground. The record compels the conclusion that Li’s political opinion is “one central reason” that she fears persecution upon returning to China. 8 U.S.C. § 1158(b)(l)(B)(i).
Li, a Chinese citizen, supervised about 100 workers at a state-owned paper mill. When her numerous complaints to management about unexplained reductions in workers’ salaries were ignored, Li helped to organize and attended a peaceful demonstration seeking a government solution to the corruption. After police raided the rally, Li was detained and interrogated. Li expressed her political opinion that the government should address the workers’ demands to authorities both at the protest and during questioning. At a second rally that Li organized to protest the government’s lengthy detention of two of her coworkers, police officers violently targeted and physically restrained Li. Li escaped, and that same evening the police came looking for her at her home. Since that time, police continued to check for Li at her home every three to five months, and two of her co-organizers were sentenced to prison.
The BIA erred in concluding that Li’s participation in a demonstration motivated by the nonpayment of wages, coupled with her pro-labor, anti-corruption statements made to government officials, did not create a nexus to her political opinion. We have found labor speech to be political even when motivated by economic inter *676 ests. Hu v. Holder, 652 F.3d 1011, 1018 (9th Cir.2011). Officials’ accusations that Li was a “conspirator” and a “plotter behind the curtain” indicate that her arrest was motivated by an imputed anti-government or pro-labor political opinion, either of which satisfies the nexus requirement. See id. at 1017. The fact that she denied these accusations is immaterial. Id. Further, by leading the second demonstration protesting the detention of her fellow workers, Li expressed an anti-government political opinion. Id. at 1017-18. Finally, because officials had no legitimate prosecu-torial purpose for detaining and physically abusing Li, the record compels the conclusion that she was targeted on account of her actual or imputed political opinion.[1] Li v. Holder, 559 F.3d 1096, 1113 (9th Cir.2009).
The record also compels the conclusion that Li has a well-founded fear of future persecution on the basis of a protected ground. Li has already been detained once, and two of her colleagues were sentenced to prison. The police’s continued visits to her husband’s home — which spanned at least seven years — indicate that the government maintains a strong interest in her whereabouts. See Hoxha v. Ashcroft, 319 F.3d 1179, 1184 (9th Cir.2003) (holding that the government’s continued efforts to detain the applicant demonstrated a particularized risk of future persecution). Li’s numerous complaints to executives at a government-run company, her organizational role in the protests, and the fact that officials came to her home for the first time soon after the second protest show that there is a “reasonable possibility” Li will be persecuted if she returns to China. 8 C.F.R. § 1208.13(b)(2)(i).
Because Li has established a well-founded fear of future persecution on account of a protected ground, we need not reach her withholding of removal claim.
Each side shall bear its own costs.
PETITION FOR REVIEW DENIED in part; GRANTED in part; REMANDED for further proceedings.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

. The dissent argues that Li's detention, as well as the two-year prison sentences that her co-workers received, could have been predicated upon the offense of disturbing the peace. Based on the peaceful nature of the protests, substantial evidence does not support this conclusion.